# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1991V
(not to be published)

| | |
|---|---|
| AMY MCCALLUM,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: May 19, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for Petitioner.

*Naseem Kourosh, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 30, 2019, Amy McCallum filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of a meningococcal vaccine administered on September 20, 2018. Petition at 1. On December 22, 2022, I issued a decision awarding compensation to Petitioner, based on Respondent's proffer. ECF No. 38.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $24,216.74 (representing $23,021.30 in fees and $1,195.44 in costs). Petitioner's

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Application for Attorneys' Fees and Costs, Apr. 7, 2023, ECF No. 43. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 43-4.

Respondent reacted to the motion on April 10, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at my discretion. Response to Motion at 2-3, 3 n.2, ECF No. 44. Petitioner did not file a reply thereafter.

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has requested the same hourly rates for 2023 as were routinely awarded to his firm in 2022, as follows: $520 for work performed by Jeffrey Pop and $385 for work performed by Alexandra Pop. ECF No. 43-2 at 2, 11. Additionally, Petitioner requests an hourly rate of $165 for work performed by law clerks in 2023. *Id.* I find these hourly rates to be reasonable, and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred).

I note this case required additional briefing regarding the issue of entitlement, specifically the Vaccine Act's severity requirement. *See* Rule 4(c) Report, file May 6, 2021, ECF No. 22 (indicating Respondent's only objection to entitlement was regarding severity); Petitioner's Severity Brief, filed Dec. 13, 2021, ECF No. 30. Ms. Pop expended approximately 8.0 hours drafting Petitioner's severity briefing. ECF No. 43-2 at 9. I find this amount of time to be reasonable.

Furthermore, Petitioner has provided supporting documentation for all claimed costs. And Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$24,216.74 (representing $23,021.30 in fees and $1,195.44 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
